-PS-O-

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**TERRENCE SLATER,**

              **Plaintiff,**

         **-v-**                                          **13-CV-1079S(Sr)**

**J. LACAPRICCIA, et al.,,**

              **Defendants.**

---

**DECISION AND ORDER**

This matter has been referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1)(A), for all pre-trial matters. (Docket No. 8.)

Upon review of the *pro se* complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court (Hon. Frank P. Geraci), requested the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (1997) (per curiam), to attempt to ascertain the name of the John Doe defendants plaintiff sought to sue herein. (Docket No. 4, Decision and Order, at 5.) The complaint alleged that plaintiff was assaulted by defendant Correctional Officers LaCapruccia and Antinore, and three unknown officers on February 10, 2011, between 6:30 and 8:00 p.m. at the Attica Correctional Facility on 11 Company.

In response to said Decision and Order, the New York State Attorney General's Office submitted a letter which enclosed an Unusual Incident Report and Use of Force Report, with appropriate redactions, which concerned an incident that corresponded to the allegations set forth in the complaint. (Docket No. 5.) The Reports do not indicate that there were other

correctional officers involved in the use of force and the letter indicates that these are the best documents in the possession of the New York State Department of Corrections and Community Supervision regarding which correctional officers were involved in the incident alleged in the complaint. The Reports do mention that other officers escorted plaintiff to SHU following the incident but there is no indication that these officers were involved in the use of force.

At this time it is incumbent on plaintiff to review the Reports and determine if the John Does are identified therein and, if not, he is directed to identify defendant John Does through discovery as soon as possible, and then apply to this Court for an order directing amendment of the caption and service on the defendants as soon as they have been identified.[1]

SO ORDERED.

DATED: Buffalo, New York
April 7, 2014

     *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

---

[1] Plaintiff is advised that the statute of limitations for actions filed under 42 U.S.C. § 1983 is three years, *Owens v. Okure*, 488 U.S. 235, 251 (1989), and he will need to identify the John Doe defendants through discovery and move to amend the caption to add them to this action within that time period or the claims against them may be time barred. *See Barrow v. Wethersfield Police Dept.*, 66 F.3d at 468, 470; *see also Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) ("[E]ven when a suit is brought by a *pro se* litigant, an amended complaint adding new defendants cannot relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.") (*citing Barrow v. Wethersfield Police Dept.*, 66 F.3d at 470) (internal quotation marks omitted).